### HARVEY FIELD *vs.* JOHN JACOBS.

When the owner of cattle, that are impounded by a field driver for going at large contrary to law, commences an action of replevin against the field driver within twenty four hours after they are impounded, he waives the notice which the Rev. Sts. *c.* 113, § 8, require the field driver to give him, and cannot rely, in support of his action, on the want of such notice.

If a writ to replevy impounded cattle is filled up within twenty four hours after they are impounded, with the intent of the plaintiff, at all events, to have it served, whether the defendant shall give him notice of the impounding within twenty four hours or not, the action of replevin is commenced when the writ is so filled up, although it is not served, nor given to an officer for service, and no replevin bond is executed, until after the expiration of twenty four hours from the time of the impounding.

REPLEVIN of two cows. Trial in the court of common pleas, before *Wells,* C. J. who made the report thereof, which follows :

The defendant undertook to justify the taking of the cows, as a field driver of the town of Quincy, on the ground that they were going at large, contrary to law. Whether or not the said cows were under the care of a keeper, at the time they were taken, and whether or not the notice required by the Rev. Sts. *c.* 113, § 8, was given to the plaintiff within twenty four hours after they were impounded, and the time of the commencement of the present action, were questions submitted to the jury, under the following rulings, and in relation to which evidence was offered by both parties. And a verdict was returned for the defendant.

The following is a copy of the notice given by the defendant to the plaintiff, and which was ruled to be sufficient, and a compliance with the requisitions of the statute in regard to notice, in form and substance : " Mr. Harvey Field. Sir: I took two red cows belonging to you, and impounded the same in the town pound, whereof Thomas Chandler is pound keeper, on the tenth day of July instant, for going at large in Franklin Street, in said Quincy, contrary to law. John Jacobs, Field Driver. Quincy, July 11th 1845."

It was also ruled, that if the action was commenced within twenty four hours of the time of the impounding, it was not

necessary for the defendant to give any notice to the plaintiff of the impounding.

It was further ruled, that the burden of proof was on the defendant to show the giving of the requisite notice, and that it was given within the time required by the statute, unless the necessity of notice was superseded by the commencement of the action within twenty four hours of the time of the impounding; subject, however, to a presumption that an officer, in the discharge of an official duty, discharges such duty legally and properly.

Evidence was introduced, tending to show that the writ was begun to be made on the day that the cows were impounded, (and it was left in doubt whether or not it was completed on that day,) and that the bond was not executed until after the expiration of twenty four hours from the time of the impounding, when the writ, with the bond, was given to the officer for service.

The writ and the bond both bear the date of July 10th 1845, which was the day of the impounding.

The jury were instructed, that if the writ was filled out before the expiration of twenty four hours from the impounding, with the intent, at all events, to have it served, whether the defendant should give the plaintiff notice of the impounding within twenty four hours or not, the action was commenced at the time the writ was thus filled, although not given to the officer for service, nor served. and although the bond was not made until after the expiration of twenty four hours from the time of the impounding.

It was also ruled, that the bond was no part of the writ, and that the action was commenced when the writ was made, without any reference to the bond, or the making of the bond.

The plaintiff alleged exceptions to the said rulings and instructions.

*J. J. Clarke & W. S. Morton,* for the plaintiff. The notice given by the defendant was insufficient. The hour of the impounding was not stated, nor the fees for impounding.

Nor did it appear of what town the defendant undertook to act as an officer. *Bruce* v. *Holden,* 21 Pick. 187

The burden of proof, which was on the defendant, to show that he did his duty, was improperly thrown upon the plaintiff, by the ruling, that the presumption was in favor of the defendant. 21 Pick. *ubi sup. Davis* v. *Jenney,* 1 Met. 224.

Admitting that the action was commenced before the expiration of twenty four hours, yet, as no legal notice was given within that time, the defendant was a trespasser *ab initio.* 2 Greenl. on Ev. § 270. *Adams* v. *Adams,* 13 Pick. 384. *Gibbs* v. *Chase,* 10 Mass. 125. *Nelson* v. *Merriam,* 4 Pick. 249. *Oxley* v. *Watts,* 1 T. R. 12. *Smith* v. *Gates,* 21 Pick. 55.

The instructions to the jury, as to the commencement of the action, were erroneous. The intent of the plaintiff, at the time when the writ was filled, was not decisive of the question. He might have altered his intention before the writ was served. *Gates* v. *Lounsbury,* 20 Johns. 428. See *Clark* v. *Helms,* 1 Root, 486. *Jencks* v. *Phelps,* 4 Connect. 149. *Spalding* v. *Butts,* 6 Connect. 28. *Perkins* v. *Perkins,* 7 Connect. 558. *Gates* v. *Bushnell,* 9 Connect. 530. *Robinson* v. *Burleigh,* 5 N. Hamp. 225. *Ford* v. *Phillips,* 1 Pick. 202. *Seaver* v. *Lincoln,* 21 Pick. 267. *Tufts* v. *Kidder,* 8 Pick. 540. *Badger* v. *Phinney,* 15 Mass. 359.

*Gourgas & Wilkinson,* for the defendant. As the action is found by the jury to have been commenced before the twenty four hours had expired, there was no necessity for notice to the plaintiff. *Wild* v. *Skinner,* 23 Pick. 251, 255. But the notice, though unnecessary, was sufficient. The memorandum, which the Rev. Sts. *c.* 113, § 6, require to be left with the pound keeper, is required only in cases of impounding cattle damage feasant; and the case of *Bruce* v. *Holden,* 21 Pick. 187, is overruled, as to this point, by the decision in *Wild* v. *Skinner,* above cited. The hour of the impounding need not be stated in the notice given to the owner of the cattle; nor has it ever been deemed necessary to state it.

The defendant cannot be made a trespasser *ab initio*, by neglecting to give seasonable notice. Mere nonfeasance never has this effect. *Six Carpenters' case*, 8 Co. 146. *Sackrider* v. *M'Donald*, 10 Johns. 257, 258. *Gates* v. *Lounsbury*, 20 Johns. 429. This principle seems not to have been adverted to, either by the counsel or the court, in the case of *Smith* v. *Gates*, cited for the plaintiff.

The instructions, as to the commencement of the action, conformed to the settled law of this Commonwealth. The cases cited from the Connecticut reports show only the law of that State, which differs, on this subject, from our law. See 1 U. S. Digest, Actions, 1–3. *Gardner* v. *Webber*, 17 Pick. 407. *Swift* v. *Crocker*, 21 Pick. 241. The presumption is, that the true date of a writ appears on its face. *Bunker* v. *Shed*, 8 Met. 150. *Johnson* v. *Farwell*, 7 Greenl. 370. *Day* v. *Lamb*, 7 Verm. 426.

In a replevin suit, the writ and bond are entirely separate instruments. The bond cannot be taken till the writ is made and the property appraised. Rev. Sts. *c*. 113, §§ 17, 19, 21.

DEWEY, J. The question of the sufficiency of the notice, which was discussed at the argument, it is not necessary particularly to consider, in the view which the court have taken of the case upon another point. Assuming that either in respect to the form of the notice, or the time of giving it, some defect might be shown, the defendant insists that the plaintiff cannot avail himself of such objection, because he has, by his own acts, dispensed with the necessity of giving notice. The precise point of defence relied upon is this ; that the plaintiff instituted his action of replevin before the twenty four hours had elapsed, within which the defendant was required, by the Rev. Sts. *c*. 113, § 8, to give the notice, and by so doing superseded all necessity of a formal notice.

The court are clearly of opinion, that if the suit was thus instituted, as is alleged, the legal effect would be such as is contended by the defendant. The party thus instituting his action necessarily waives all objections as to notice, and relies upon an original illegal taking, or some ground of liability

other than that of an omission to give notice agreeably to the provisions of the statute. The case of *Wild* v. *Skinner*, 23 Pick. 255, is to that effect. It arose upon the same section of the statute, and it was held, that if the party took his cattle from the pound before the expiration of the twenty four hours, by virtue of a writ of replevin, the notice required by the statute in other cases was rendered unnecessary by this act of the owner. That case seems to apply directly upon this point.

This brings us to the further inquiry, whether the present action was instituted before the expiration of twenty four hours from the time of the impounding.

The writ itself was filled up, it is conceded ; but it is contended, *first*, that the mere filling up of the blank in a proper form for a writ, if entirely finished, would not necessarily show that a suit was instituted ; and *secondly*, that in the case of a writ of replevin, it cannot be said to be completed, as a writ, until a bond is executed and delivered to the officer.

As to the first point, it is doubtless true that the court look at the real nature of the proceeding, and the intent of the parties in causing the writ to be filled up, rather than at the fact of the actually filling it up ; and although, *prima facie*, such making of the writ is to be considered as the true date of the writ, yet this may be controlled by evidence showing that it was made *alio intuitu ;* that it was preparatory to instituting an action, if one should become necessary ; that it was to depend entirely upon the happening of a future event, as that of neglect to pay upon special request, or to deliver property upon a demand therefor ; and in all such cases, it would be competent for the party to show these circumstances, to rebut the ordinary presumption arising from the actual making of the writ.

The court gave full force and effect to this principle, in the instruction given to the jury, that the writ must have been filled before the expiration of twenty four hours from the impounding, "with the intent, at all events, to have it served, whether the defendant should give plaintiff notice of the

impounding within twenty four hours, or not." The further instruction, that the action must be considered as commenced at the time when the writ was thus filled, although not given to the officer for service, nor served, and although the bond was not made until after the expiration of twenty four hours from the time of the impounding, was correct. Under these instructions, the jury returned a verdict for the defendant, and the exceptions thereto must be overruled.